# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINA GOMEZ VASQUEZ,<br><br>                                    Plaintiff,<br>  vs.<br><br>WACHOVIA BANK, N.A., et al.,<br>                                   Defendants. | CASE NO. 11cv392-WQH (NLS)<br><br>**REPORT AND RECOMMENDATION GRANTING TERMINATING SANCTIONS**<br><br>[Doc. No. 17.] |

Before the Court is Defendant's motion seeking a dismissal of this case with prejudice. [Doc. No. 17.] Plaintiff has not filed a response. Having considered the matter, the Court **HEREBY RECOMMENDS GRANTING** Defendant's motion.

## BACKGROUND

On January 24, 2011, Lucina Vasquez (hereinafter "Plaintiff"), filed an action in state court challenging Defendants' foreclosure on property purchased by Plaintiff's deceased mother. [Doc. No. 1, Exhibit A at 3.] On February 24, 2011, Defendant Wachovia Bank, N.A., removed the case to this Court.[1] [Doc. No. 1.]

On September 20, 2011, the Court issued a Notice and Order setting an Early Neutral

---

[1] Defendant Cal-Western Reconveyance Corp., the foreclosure trustee, filed a "Declaration of Non-Monetary Status" in state court. [Doc. No. 1, Exhibit B at 9.] Cal-Western appeared in the case on February 24, 2012, by way of filing a Notice of Consent to Removal. [Doc. No. 2.]

Evaluation Conference ("ENE") for November 16, 2011. [Doc. No. 10.] On November 16, 2011, the Court attempted to conduct a telephonic ENE. [Doc. No. 13.] Plaintiff failed to appear and failed to provide contact information as required by Court Order. [Doc. No. 12.] On November 17, 2011, the Court issued an Order to Show Cause, requiring Plaintiff to submit a declaration no later than December 6, 2011 outlining the justification for her failure to appear at the ENE and setting the hearing for December 13, 2011. [Docket No. 14.] Plaintiff failed to file a declaration. On December 13, 2011, the Court conducted the Order to Show Cause Hearing and Plaintiff again failed to appear. The Court issued an order permitting Defendant to file a motion seeking sanctions, up to and including, terminating sanctions.

On January 27, 2012, Defendant filed a motion to dismiss Plaintiff's Complaint with prejudice. Plaintiff has not filed an opposition.

**DISCUSSION**

A district court has the authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed.R.Civ.P. 41(b). Such authority is not diminished simply because a plaintiff is proceeding *pro se. Allen v. U.S.,* __ F.R.D. __, 2011 WL 5386626 *2 (D.D.C., 2011).

The court must consider five factors in deciding whether to dismiss a case for failure to prosecute or comply with court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court will apply these five factors to the case at hand.

The Court and Defendant have attempted to contact Plaintiff at the telephone number she provided to the Court, with no result. Since March 23, 2011, Plaintiff has not filed anything with the Court. [Doc. No. 6.] She did not file a declaration or appear at the OSC, or contact the Court thereafter. She has also failed to appear to defend the current motion for terminating sanctions. This case has been on the Court's docket since it was removed from state court on February 24, 2011. Plaintiff's failure to provide contact information or comply with the Court's orders hinders the

progress of this case and the Court's ability to manage its docket. Therefore, the first two considerations for dismissal weigh against Plaintiff and in favor of Defendant's motion.

The third factor, the risk of prejudice to Defendant, also weighs in favor of dismissal as a plaintiff's failure to prosecute diligently creates a presumption of prejudice to Defendant. *See Eisen*, 31 F.3d at 1452-53. Although this presumption is rebuttable, Plaintiff has not filed an opposition to rebut the prejudice.

The fourth factor, that public policy favors disposition on merits, is outweighed by the complete lack of participation by Plaintiff in moving her case forward. As for the fifth factor, less drastic measures, the Court's Order setting the Show Cause hearing warned that, "Should Plaintiff fail to appear at the OSC hearing, Defendant may file for terminating sanctions." [Doc. No 14.] On December 13, 2011, the Court issued another order that gave Plaintiff notice that Defendant may file a motion for terminating sanctions by January 27, 2012. [Doc. No. 16.] Through service of this Report and Recommendation Plaintiff will again be given notice of possible dismissal of her case. These events have not produced any results, leaving dismissal as the likely path to resolving this case.

Although consideration of the factors in *Eisen* favor dismissal, the dismissal should be without prejudice. Allowing for Plaintiff's pro se status and the general latitude that should be afforded to such litigants in attempting to navigate the legal system, the Court rejects Defendant's argument in favor of dismissal with prejudice.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, the Court recommends the District Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing this action without prejudice.

**IT IS ORDERED** that no later than **March 21, 2012** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

///

///

1   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court
2   and served on all parties no later than **April 2, 2012.**  The parties are advised that failure to file
3   objections within the specified time may waive the right to raise those objections on appeal of the
4   Court's order.

5   DATED: March 1, 2012

                                                Hon. Nita L. Stormes
                                                U.S. Magistrate Judge
                                                United States District Court