# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINA GOMEZ VAZQUEZ,<br><br>                        Plaintiff,<br>  vs.<br>WACHOVIA BANK, N.A., et al.,<br>                        Defendant. | CASE NO. 11cv0392-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Terminating Sanctions filed by Defendant Wachovia Bank, N.A. (ECF No. 17) and the Report and Recommendation issued by Magistrate Judge Nita L. Stormes recommending that the motion for terminating sanctions be granted (ECF No. 19).

**BACKGROUND**

On January 24, 2011, Plaintiff initiated this action by filing a Complaint in San Diego County Superior Court. (ECF No. 1-1). On February 24, 2011, Defendants removed the action to this Court by filing a Notice of Removal. (ECF No. 1).

On March 9, 2011, Defendant Wachovia Bank, N.A. ("Wachovia") filed a Motion to Dismiss. (ECF No. 5). On March 23, 2011, Plaintiff filed an opposition. (ECF No. 6). On April 4, 2011, Defendant Wachovia filed a reply. (ECF No. 7). On May 26, 2011, the Court denied the Motion to Dismiss. (ECF No. 8).

On September 20, 2011, the Court issued a Notice and Order setting an Early Neutral Evaluation Conference. (ECF No. 10). The docket reflects that Plaintiff was served this Order

via U.S. Mail Service. *Id.* Plaintiff failed to appear for the Early Neutral Evaluation Conference and failed to provide contact information as required by Court Order. (ECF No. 13). On November 17, 2011, the Court issued an Order to Show Cause requiring Plaintiff to submit a declaration justifying her failure to appear. (ECF No. 14). The docket reflects that Plaintiff was served this Order via U.S. Mail Service. *Id.* Plaintiff failed to file any response to the Court's Order to Show Cause and failed to appear at the Order to Show Cause hearing scheduled for December 13, 2011. (ECF No. 16).

On January 27, 2012, Defendant Wachovia filed a Motion for Terminating Sanctions requesting dismissal of the action with prejudice. (ECF No. 17). The certificate of service reflects that Plaintiff was served this motion via U.S. Mail Service on January 27, 2012. *Id.* Plaintiff has not filed any opposition to the Motion for Terminating Sanctions.

On March 1, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Motion for Terminating Sanctions be granted and that the action be dismissed without prejudice. (ECF No. 19). The Magistrate Judge ordered that:

> [N]o later than March 21, 2012 any party to this action may file written objections with the Court and serve a copy on all parties.... [and] any reply to the objections shall be filed with the Court and served on all parties no later than April 2, 2012. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

(ECF No. 19 at 3-4). To date, no objections have been filed by any party.

## REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

1      The Court has reviewed *de novo* the record and submissions in this case. The Magistrate Judge correctly stated that the "district court has the authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders." (ECF No. 19 at 2, citing Fed.R.Civ.P. 41(b)). The Magistrate Judge correctly stated that the Court "must consider five factors in deciding whether to dismiss a case for failure to prosecute or comply with court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.*

     The Magistrate Judge correctly found that Plaintiff has not filed anything with the Court since March 23, 2011, and that Plaintiff has failed to provide contact information or comply with the Court orders dated September 20, 2011 and November 17, 2011. The Magistrate Judge correctly found that "plaintiff's failure to prosecute diligently creates a presumption of prejudice to Defendant" and "hinders the progress of this case." (ECF No. 19 at 2-3). The Magistrate Judge properly recommended that the Court enter judgment dismissing this action without prejudice for Plaintiff's failure to prosecute the case and comply with Court orders.

## CONCLUSION

     IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 19) is ADOPTED in its entirety. The Motion for Terminating Sanctions filed by Defendant Wachovia Bank, N.A. (ECF No. 17) is GRANTED and this action is dismissed without prejudice.

DATED: April 12, 2012

                                                  */s/ William Q. Hayes*
                                        **WILLIAM Q. HAYES**
                                        United States District Judge